PETER WAPLES, Sen'r. *vs.* COARD BURTON.

*It seems* that in the action of slander, defendant may give evidence of plaintiff's general bad character.

ACTION on the case for words.

The words laid in the declaration, imputed the crime of stealing a hog. The pleas were "Not guilty and justification."

On the trial, the defendant offered evidence to prove plaintiff's general bad character, in reference to offences of this kind : which was objected to.

*Cullen.*—On the plea of not guilty, defendant may prove plaintiff's general bad character in mitigation of damages; but where he seeks to justify the charge, no evidence is admissible which would not be received on an indictment for the larceny ; otherwise, you might indirectly convict the plaintiff of the crime charged; and that upon

general rumor or suspicion of bad character. 2 *Stark. Ev.* 878 ; 1 *Harr. Rep.* 503, *Waggstaff* vs *Ashton.*

*Ridgely.*—The rule is otherwise. In the action of slander, though you may not prove facts, tending to establish the particular charge, on the general issue, which was the attempt in Waggstaff and Ashton ; you may nevertheless, attack the plaintiff's general character, in mitigation of damages. Damage to character is the very essence of the action, and character is essential in ascertaining the amount of damage. 2 *Stark. Ev.* 878; 1 *Binn. Rep.* 92; 1 *Stark. Ev.* 369, 370, *n.* .

*Per Curiam :*

J. M. CLAYTON, *Chief Justice.*—There is much doubt on the question now presented. It seems to be unsettled in England, but it has there been made generally to depend on the plea whether of not guilty, or of a justification. But here an additional difficulty arises; because, contrary to the English practice, double pleading is allowed ; and a defendant may plead, and in this case has pleaded, both the general issue and justification.

It is laid down in Phillips' evidence, and also by Starkie, that evidence of the plaintiff's bad character is, on general principles, *clearly* admissible in mitigation of damages; unless the defendant by his pleading, puts in issue the truth of the charge. 1 *Phill. Ev.* 146 ; 2 *Stark. Ev.* 216. But it seems that even the first branch of this rule has been shaken, if not changed. *Roscoe's Evid.* 38, 299. *Jones* vs. *Stevens,* 11 *Price,* 235. Not only has the rule been denied, but the exception has not always been admitted, for in *Kirkham* vs. *Oxley,* Heath, judge, in an action of slander imputing larceny allowed the defendant, *who had justified,* to go into evidence of the plaintiff's bad character in mitigation of damages. And this decision is cited with approbation in the note to *Stark. Ev.* 217.

In South Carolina, evidence of the plaintiff's general bad character is admitted in the action of slander. 2 *Nott & M'Cord,* 511 ; 1 *ib.* 268. In New York the question is unsettled, the court having divided upon it. 1 *Johns. Rep.* 46. The Massachusetts courts have inclined to admit such evidence. 3 *Pick.* 376 ; 3 *Mass. Rep.* 553. In Pennsylvania the evidence appears to be admissible ; as the plaintiff in an action for a libel, where there was a plea of justification, was permitted to set up his character by evidence, before it was attacked by the defendant, *Romayne* vs. *Duane,* cited from MS. in *Wharton's Digest,* 251.

As at present advised, in a case like this, standing on the pleas of not guilty and justification, we incline to the opinion that, consider-

ing the nature of the action and the object of the evidence, the defendant ought to be permitted to give evidence of the general bad character of the plaintiff, but not of particular acts of misconduct. We will hear the evidence, therefore, and if it turn out to be important in the case, we will allow this question to be revived in some form that will give the plaintiff the benefit of a fuller and better consideration of it.

The attempt to impeach plaintiff's character failed, and he had a verdict for $720.

*Cullen*, for plaintiff.

*Ridgely*, for defendant.